The 4th District Appellate Court of the State of Illinois has reconvened. The Honorable Thomas M. Harris presiding. Good afternoon, counsel. We're on the record in 4-24-0992, People v. Davis. Counsel, may we have appearances first for the appellant? Jim Waller for appellate. Thank you. And for the appellate? Matthew Goldman for the state. Thank you. Mr. Waller, you may proceed with your argument. May it please the court, counsel. My name is Jim Waller. I'm with the Appellate Defender's Office, and it's my pleasure to represent Christian Davis before you here today. Christian was denied the effective assistance of post-trial counsel when counsel waived and withdrew all of Christian's post-trial motions and filed a completely improper and untimely post-conviction petition instead. Further, the trial court denied Christian's due process when it struck the post-trial motions that he filed pro se under the incorrect belief that they'd already been heard when he was represented by counsel. After his bench trial conviction, Christian timely filed multiple pro se post-trial motions under Section 116-1, raising trial errors and claims, including ineffective assistance of pretrial counsel, evidentiary rulings, and statutory issues. He then requested representation for post-trial proceedings, and the court appointed Mr. Dennis Riley to represent Christian. Mr. Riley responded, not by amending or supplementing Christian's Section 116-1 motions, but by filing a second amended petition for post-conviction relief before sentencing when no conviction had ever been entered. And let's be clear, there is no reasonable basis for the court to construe the filing as anything other than a post-conviction petition. Why not? Why not? We know that it's labeled as such. We know that it referenced the Act. But if the court was going to do anything with it, it would have been to strike it as improper. Why wasn't it better for the defendant that the court at least effectively treated it as a post-trial motion and dealt with the matters with which it could deal? Well, first of all, your honor, beyond just the labeling and the statutory citation, and the content of the petition only focused on constitutional issues, and it was accompanied by Rule 651C certificate. So it wasn't, the court didn't, and also, to be clear, there's nothing in the record to suggest that the court intentionally or knowingly construed it as a post-trial motion, as opposed to a post-conviction petition. The record is... Well, it called it that when it made its ruling. Post-trial motion is denied. And they also refer to it as a post-conviction petition in the docket several places. It's... It's not the judge though. I mean, that's what the clerk referred to it as. In some courtrooms I've been in, it's the judge entering it. Sometimes it's the clerk. I believe it's referred to both ways in the docket in this case. But there's nothing in the record to indicate that the court was aware of the fact that post-conviction petitions are only limited to constitutional issues, or what the restrictions were on 116.1 or 122-1 petitions. Every hallmark of a post-conviction petition is present in the filing. It wasn't mislabeled. This wasn't... If the court construed it that way, it wouldn't have been reasonable. This wasn't like treating a can of Coca-Cola like a can of Pepsi. This was like treating a can of Coca-Cola like a post-trial motion. They were fundamentally different things. Again, every court... That's also my question. If it were labeled a post-trial motion, how would anything have been different? If it were labeled a post-trial motion, and it included non-constitutional issues, and the court considered non-constitutional issues, we'd have a better discussion here. What non-constitutional issues should it have included? Well, Christian raised several non-constitutional issues. Counsel initially adopts them in whole, and then waives them on a whim for no reason at the hearing. When the state says, your honor, I don't know what we're responding to. He just adopted these in whole, and we're here at oral argument on this petition in motion. We need to know, is he adopting everything? Do we need to respond to everything? And he goes, oh, well, then never mind. I'll just waive all of those. Well, let's talk about whether there were non-constitutional issues raised. Counsel challenges the sufficiency of the evidence. That's not a constitutional claim. Well, a conviction without sufficient evidence, I would argue, is a due process violation. And he certainly tried to constitutionalize it in the petition. Well, there's case law from the Illinois Supreme Court saying that's not a constitutional claim remediable under the act. And then he also advanced some of the arguments, including insufficient evidence, state's failure to disprove the affirmative defense of self-defense, Scrivener's error as to an affirmative defense, prejudicing his defense for trial, preparation for trial, and denial of the use of certain character evidence. So there were non-constitutional issues that were addressed, but counsel didn't, I mean, a pro se may very well throw a lot of spaghetti at the wall, and the counsel has to decide what's appropriate to advance. That doesn't mean that he's limiting himself to constitutional questions. Your Honor, he constitutionalized every one of those issues that you raised. He tried to raise every one of those as a constitutional issue. I think it's clear, again, based on everything else about that petition, from the 651c certificate to the prayer for relief, which is impossible, everything about that suggests that he only intended to bring constitutional issues. So there's nothing in here that can suggest to us that counsel did any investigation and exercise any actual professional discretion in deciding what was spaghetti and what was actually valid claims. You're very familiar with this record, what should he have raised that he didn't in a post-trial motion? Well, Your Honor, it's a bit tricky because just like if this was an actual post-conviction case, when counsel does nothing to amend the claims under Suarez, and again, if it was a post-conviction petition, counsel would only owe reasonable assistance, not effective assistance. In that context, we don't look at, well, did the claims have merit? There were many other claims that he'd raised, that Christian had raised. We don't analyze what their merit would be. Suggesting that post-trial counsel needed to simply parrot the claims that the defendant was raising? Not at all. But there needs to be some indication, Your Honor. In fact, there needs to be, I would say more than some indication here that he did any kind of investigation because he provided so much contrary indication that he did any investigation or exercise any professional judgment. When he filed- This is a criterion I don't recall ever hearing or seeing before that the record must show that trial counsel or post-conviction counsel at the trial level immediately before sentencing, when he files a post-trial motion, the record must show that he's done some investigation. Where'd that come from? Well, I say that in response to some of your questions, Your Honor. What counsel can't do is file a motion that suggests he doesn't know he's doing and then expect all of us to say, well, let's all bend over backwards. We'll deconstitutionalize these issues. We'll all therefore extend this deference to his judgment to suggest and believe that maybe he investigated these things when all evidence in this record is to the contrary, that he actually did any investigation or exercise any professional judgment in separating the wheat from the chaff here. Well, actually, there's some evidence of that, isn't there? We have at least one pro se claim that the defendant raised, which is nonsense, that the defendant's counsel did not. Namely, the defendant was arguing that the state failed to collect and preserve or preserve crucial DNA evidence. But that's not what happened, Your Honor, because he actually adopted all of those. He adopted all of those and then waived them, but he waived them on what's clearly a whim when he's not prepared to orally argue Did his motion include a claim that the state failed to collect and preserve crucial DNA evidence? It did when it explicitly adopted, incorporated all of the pro se filings that Christian had filed. Yes, sir. But he didn't advance that at the hearing. He abandoned it at the hearing when he didn't want to orally argue it. And I mean, that's clear from the record as to what happened. Okay. Was there any merit to that claim? We don't know. We don't know because we don't know. There's some question of the identity of the assailant in this case. I'm sorry. I'm sorry. I didn't quite hear you. We don't know the DNA. The failure to collect DNA evidence was not an issue because somehow identity of the alleged assailant was an issue. Is that what you're saying? I don't have I don't have a good argument to support that at this point, I'll tell you that much. I mean, the former was his ex-wife. I mean, you think he should be able to identify it? I have no idea. We don't know is the answer. Can I just stress we are under Strickland here, right? So you have to show that your client was prejudiced. So you really have to you can't just throw these arguments in and say, hey, they were all abandoned. That's ineffective assistance. You've got to show which of those arguments would have been meritorious and the prejudice that your client suffered because they were abandoned. Actually, your honor, I don't. I argue in the briefs and I'm happy to jump to that right now that this case is actually conceivable under under chronic. Under chronic because when he throws out all the proper motions in favor of improper petition that he can't even get relief on, that's worse than no representation at all. It's adverse litigation under chronic prejudice is presumed where counsel fails to subject the case to adversarial testing or proceeds under conditions where effective assistance is structurally impossible. Right here, Mr. Riley, what you're saying in terms of the form of the motion, but in terms of the substantive arguments, what what why wouldn't we be looking at that under Strickland? Because he again, he he we cannot. So in order for us to say that there was any representation at all, there needs to be some indication in the record that he did some investigation and and made a decision. I mean, that and that I mean, that comes right out of post conviction law here. I mean, is an attorney's investigation normally a matter of that we expect to see reflected? I mean, you might argue that it should be done, but I don't know that we normally get some summary of what I did on my investigation. Usually, usually we would we would usually we would infer that they did their usually we we give them the benefit of the doubt. That benefit gets thrown out the window when they file a post conviction petition and and and adopt and then abandon willy nilly without any without any basis. All of these claims, all of these non constitutional claims, he adopts them and then throws them out. There's for you to say that that there's no rational basis. You've got to tell us what were the meritorious claims that were abandoned. And your honor, I don't think that I do is my argument because it's very similar. And if I can, if I can just state it premise of your last statement, right? That he abandoned these for no reason at all. Well, that implies that there was a meritorious claim and he didn't abandon them because they were as the one that Justice Steigman mentioned, they're kind of nonsense. Then, but when he actually adopts them explicitly and he said he adopts them in writing. You can't have it both ways, right? Sure. Well, but ultimately abandoned them. Now, he may have adopted them to start with. But when it when push came to shove, he abandoned them. That's what he did. So you can't say, well, he first he adopted it. Maybe he didn't know whether maybe he wanted to talk to the client. I don't know. But I think you still got to give us something on the merits. What I can say is that that defeats any deference that we need to give to his judgment is what I'm saying. What I'm saying is we can't just assume that he did in his investigation and separated the wheat from the chaff when he asked. So I have a question. I'm going to ask you and also Mr. Goldman when it's an opportunity. This is really a bizarre case. And I'm wondering what explanation you can suggest to this court, namely, how is it possible that the only one who seemed to be aware that this was a post-trial motion that should have been filed was the defendant, not his lawyer, not the judge, and not the prosecutor. What's going on here? Do you have some theory on how this happened? I don't. I mean, I don't want to, I don't know. I'm not very familiar with Ogle County. I don't know how many post-conviction petitions they seek regularly. But it's one of those things that just seem to get by everybody. And nobody did any substantive analysis of it. And I think that really jeopardizes our ability to affirm here. If we can't tell, if there's nothing in the record to suggest that the court said, I see what happened here. I'm going to construe it as a post-trial motion. If we can't be sure that that's what happened, then we are affirming uncertainty. We're affirming ambiguity. And I don't think justice can be done in that rubric. Also, what difference does it make what the court treated it as? I'm sorry, Your Honor? What difference does it make what the court treated it as? Sure. Should it be resolved the same regardless of which vehicle was used to raise it? If the court treated it as a post-conviction petition, which I believe that there is some support for that. There's not no support for that. If the court treated it as a post-conviction petition, then the court absolutely gave a due process violation in denying his ability to raise these issues on his own. And there was no hybrid representation because there's no representation at all. In fact, if the court treated it as a post-conviction petition, I really think we're under chronic here because he did nothing that was appropriate at a post-trial motion. It's just like in, I hesitate because I didn't say this, but just like in Downs and some of these other cases where counsel does nothing on a post-conviction petition, and they say it's chronic. That's where we are at the court. I have a question for you on this point in response to Justice Doherty's concerns about Strickland. You seem to be saying that we don't have to follow or be concerned with Strickland because of the U.S. versus chronic case. I'm familiar with that case. And to the best of my recollection, I don't think any Illinois case has ever held it to be present. And it's a very strange factual context. I know lots of cases that have rejected it because it's so odd. If we disagree with your claim on chronic, do you lose? Well, no, Your Honor. But first of all, there have been cases that have absolutely applied chronic in these situations. People v. Kiles and people v. Downs, which I was just talking about, those are post-conviction cases where it was remanded, counsel did nothing, or an abandoned claims and acted adversarial, just like happened here. And the court applied chronic. Now, if chronic doesn't apply here, and we're just in the Strickland, first, I would say that he has been prejudiced because he was never able to, if we're in the Strickland area, and I don't think it would take a lot of argument to suggest that this was deficient behavior by counsel. So we're talking about what prejudice exists. If the court finds that, I would say that there's prejudice in the fact that all of his non-constitutionalized claims have been forever waived on what appears to be a whim. It really does. There's nothing in here that leads us to believe counsel did this for anything other than that he wasn't prepared to argue these things after he presented them to the court. So they were arbitrarily thrown out and never presented, and that prejudiced him. And in fact, the ham-handed way counsel did this may have jeopardized him ever getting a pellet or collateral review here. If this court, first of all, before we run out of time, regardless of that relief this court issues, I would ask this court to make a finding that no 122-1 petition has been effectively made, and his ability to take but he can't get a pellet review of any of these things, and there's no indication that he ever had counsel that was appointed to him, that he was allowed to have, that he had a right to have. There's no indication that counsel ever used their judgment in separating whether these claims had merit or not. And so that's how he was prejudiced under Strickland. Now if the court finds he was not prejudiced, then I think we're still in a due process problem under issue two, because it's not clear that the court construed this as a post-trial motion. And so therefore when the court rules, we've already heard all post-trial motions, that's legally and factually not necessarily true. We don't know if that's true, and the case should be remanded because we can't be affirming on that type of ambiguity. Just can I ask you, he got a crankle hearing, right? He did not get a crankle hearing due to another train wreck of misunderstandings, and I know I've only got two and a half minutes here, but I'd love to walk you through, and please feel free to cut me off. If we're looking at, and it's R-1165, I don't expect you guys to flip along with me, but we open on this charade. The court has just explained that pursuant to crankle on this IAC claim, they would first determine whether counsel needs to be appointed to represent him on the IAC claim on 1165. And then he says, well then I'll waive crankle hearing and just proceed. I was asserting, and then I was not. Later, later he gets a crankle hearing. I know that it went one way, but it came back home later on. To where they actually, oh, where they actually hold a crankle hearing and decide on the merits whether ineffective assistance of counsel was rendered, or whether to apply, because the state's argument is that he waived the ability to raise IAC because he waived his crankle hearing. There was no crankle hearing ever held, I don't believe, Your Honor. And I very much apologize if that's not the case. But he, as I was saying, he continues to put forward this claim. I was asserting I was not entitled to a post-conviction petition. And the court says, well, what do you mean by you want to waive the hearing? He says the crankle hearing because the court has presented that as a determination of whether counsel needs to be appointed. He doesn't want new counsel after what Mr. Riley just pulled. So he says the only thing I'm pursuing is that I was not entitled to the November 15th hearing. And so the court says, well, if you're withdrawing the IAC claim, and the problem here is that he had raised an IAC claim earlier regarding Mr. Kroll. Excuse me, Mr. Riley had raised the IAC claim against Mr. Kroll. And so on 1168, between 1168 and 1170, the court says, if you're not pursuing IAC, that resolves the issue. Motion to strike is granted. And Christian says, no, no, I was, he says, I wanted to raise the prosecutorial misconduct. I didn't want to raise the IAC that he raised. And the court says, well, if you're not raising IAC, then we're not going to have a crankle hearing. But he was talking about the IAC claim that Riley raised about Mr. Kroll. That's what he didn't want to pursue. And he was clarifying that he was never entitled to this hearing on this post-conviction petition. So he never waives it, and the court still strikes it, and he never gets an actual crankle hearing. So, and misunderstandings happen. I mean, the wheels came off in that argument too. There was not a meeting of minds on what he was exactly waiving there. And so this court can't find any known waiver. I realize I'm out of time. I'm happy to talk to you again here shortly. But we are asking again, the court, make that finding that there was no post-conviction petition that's prejudicial about it. Remand the case for all new proceedings under 116-1, and vacate the conviction of the sentence. And I'll speak with you again soon. Thank you. All right. Thank you, Mr. Waller. Mr. Goldman. Thank you, Your Honors. Matthew Goldman on behalf of the people. I want to begin by addressing the question that Justice Seidman said he was going to explicitly ask me as well. Why did only the pro se defendant explicitly address that this filing was in the wrong form? I frankly have no idea. I can't get into the minds of the judge or of the state's attorney or anybody else in the courtroom. My best guess is that the court was very consistent in construing this filing as a post-trial motion. I know counsel brings up the fact that there was a docket entry to the contrary, but as Justice Doherty said, as the sources that I cited in my brief further state, and as I'm sure Your Honors experience shows, those docket entries are very often written by clerks. And when they come into conflict with the oral pronouncements of the court, when they come into conflict with the written orders by the court, as it does in this case, the written orders, the oral pronouncements of the court should control. And since the court was very, very consistent in the way that it construed this document, it's possible that everybody simply went along with the court's pronouncement that this was a post-trial motion and saw no reason to address it further. I don't know that that's why people did it that way. It still doesn't make much sense to me. I think that the record would be much clearer if people address this in open court, if the state or the court made some kind of explicit reference to the fact that this was a mistitled pleading, and that way things could have been more clear. But in the absence of some kind of record of that effect, unfortunately, I'm just speculating. Well, what about the fact that, as Mr. Waller argues, the attorney representing the defendant seemed to be unclear and arguably therefore unprepared, and does that impeach everything else he did as a result? I would argue that it does not impeach everything else that he did. I think that one of the questions that you raised during counsel's argument sort of cuts to the heart of this issue, which is if this was in the proper form, if they cited the correct statute, if they changed the title of the pleading to a post-trial motion, would that have changed anything? And based upon this record, I would argue that it's pretty clear that it would change nothing, because the court did apply the correct framework to it. It did not construe this as a post-conviction petition. It correctly construed it as a post-trial motion. Therefore, nothing would have changed. Based upon that, I would argue that this court shouldn't view this blunder by defense counsel as somehow infecting other parts of the case without any kind of demonstrated prejudice. That's essentially the end of the analysis. If there's no prejudice, there's no reverse. What about the idea that the mistaken characterization of the pleading as a post-conviction petition channeled us to only look at constitutional claims? What do you say to that argument? I would argue that there's nothing in the record that explicitly shows that this is limited to constitutional issues or that counsel believed that he could only raise constitutional issues. As your honors discussed with opposing counsel, while the constitution certainly can be a basis for some of these claims, they're not strictly constitutional issues. This wasn't written in such a way that one would be shocked to see these claims raised in a post-trial motion. The claims that were argued were of arguable merit. They ended up not being successful, but they are not like the DNA claim, which is completely ridiculous. Counsel seemed to choose arguments that had some life to them. Some of them were arguments that the defendant seemed to include in his pro se motions as well, so there was some overlap there. There's nothing about the way that the substance of the pleading was drafted that shows that counsel thought he was restricted to the kinds of arguments that could be contained in a post-conviction petition. Your honors, I think this also goes to an additional issue in this case, the question of was this a mistake in the way it was drafted or was this something that, for whatever reason, counsel thought that he should file a post-conviction petition. If it were the latter, this would be a pretty big issue and I think it would raise serious questions about counsel, but under these circumstances, the fact that he wrote it as a second amended post-conviction petition seems to me to indicate that this is an issue of him plugging the meat of his arguments into the wrong form, using some other kind of pleading as the framework essentially, and he plugged it all in and it was wrong. This is essentially a drafting error, not counsel believing ridiculously that this was the time for a post-conviction petition. If he really did think it was time for a post-conviction petition, we would expect to see this titled as first post-conviction petition or not have it what number it was because he would have thought this was the initial filing. The fact that it's a second amended, I think shows that this was a drafting error. Your honors, I would also- But he also cited to the statute, it wasn't just the caption of the petition. That's true. In my experience, and this is just me, I used to be a trial lawyer several years ago. It was not uncommon to have that initial caption, here comes so-and-so, as a form language that you plug into each case. The initial citation was contained in that portion of the beginning. Again, if he did use the post-conviction petition as a form that he then plugged in the new information, I think that it is something that- It's not shocking that that statute slipped into it. But your honors, I would also argue that counsel's response to the question that was posed to him multiple times about what argument here would have been possibly meritorious, the non-answer is very telling, respectfully. Force him to get relief under Strickland, he has to show that there is some prejudice. If there is no argument that was excluded from the pleading that could have had arguable merit, then that should essentially be the end of the analysis. If counsel cannot come up with one of these arguments that should have been included, then the alleged error did not have any impact on the outcome. Your honors also raised the issue of counsel's investigation, whether or not that's something that needed to be included on the record, as defense counsel suggests. I would argue that this is not something that needs to be on the face of the record at this stage. Now, counsel brought up multiple times post-conviction petitions. Now, those are a completely different a kind of situation. It requires the certificate that talks about counsel's investigation, among other matters. And then also it has the opportunity to introduce into the record additional facts. You can call the defense attorney to the stand. You can call other witnesses to the stand at a third stage hearing and introduce these facts that contradict the presumption that counsel was acting appropriately. I agree with counsel that this court should conclude that no post-conviction petition was actually filed. And if there is some information out there that could be introduced in the record that shows additional ineffectiveness or any other issue, that's the proper venue to introduce that additional information. At that point, affidavits can be introduced, witnesses can be called, and those issues can be taken up. But at this stage, based upon a cold record, I would argue that it is absolutely not required that a post-trial counsel writing a post-trial motion should somehow include what they did to investigate the underlying claims. The presumption is they did do a proper investigation, unless it is explicit evidence to the contrary. Did he receive a crankle hearing? I'm sorry? I'm sorry? Did he receive a crankle hearing eventually? Your Honor, I, you know, again, based upon my recollection of the record, it did not appear to me that he actually received a crankle hearing. But didn't he receive the trial court's assessment of whether counsel should be appointed and the court decided that the issues didn't justify it? Isn't that what would happen at the first stage? Your Honor, based upon my recollection, it's very similar to Mr. Waller's that the issues began to be raised, but it appeared to me that, I guess this is where our interpretation differs. It appeared to me that the pro se defendant at that point said he didn't want to go any further on it. The court seemed to me to be indicating that there was at least enough to appoint counsel, but then once the pro se defendant began to say, I don't want counsel, I don't want to raise these claims, that was essentially the end of it. I apologize if I'm speaking to a different portion of the record than you were referencing. Well, I'm looking at 1240, and it looks as though the there are not meritorious issues that are raised and that they're matters of trial strategy. Oh, I see what you mean. Okay. Yes. So in that portion, that appeared to me to be the court essentially opining further about the strength of those arguments. It didn't seem to me that that was typically what I consider as a crinkle hearing where the defendant lists all of their many claims. It seemed like the defendant didn't quite get to that point once he decided that he didn't really want a crinkle hearing after all. The record will speak for itself. Sure. And your honors, with regard to the last argument raised by defense counsel, the issue of due process rights, I would argue that because the court clearly construed the filing as a post trial motion, that this was the kind of situation contemplated by the authority cited by the trial court where it appeared that the defendant was basically trying to get a second bite at the apple. He had the benefit of counsel. The motion was filed. It was heard. It was denied. And then afterwards, the pro se defendant attempts to get a second chance by filing a pro se motion to the same effect with the additional claims. The court correctly struck that motion based upon its clear conclusion that that post trial motion was heard. At this point, your honors, unless there are any further questions for the remainder, I would simply stand on the strength of my brief and request that this court affirm the trial court. All right. Thank you, Mr. Goldman. Mr. Waller, rebuttal argument. Thank you, your honors. Again, I would stress that it was not just some inaccuracies in the docket that leads to the ambiguity as to how this was construed. The state itself refers to it as a petition, as a post conviction petition several times, 1080, 1081, 1116. They're talking about the petitions that were filed. First of all, the state refers to his post trial motions and the second amended petition as petitions, and then asks which petition we're proceeding on. And then later on refers explicitly to the second amended petition for post conviction relief. So defendants are often held to that type of representation that how they construe something and how they want to argue about it. I would ask the state be held to the same type of evidence of their own construction of it. And again, the record is not clear enough to suggest that the court interpreted this as a post trial motion. I strongly would disagree that the fact that he mistitles it or the fact that his titling is even more ridiculous with second amended petition does not just indicate a drafting error. If there's something inconsistent or incoherent in the drafting, I also was a trial attorney for many years, and sometimes you work with forms. If you file a wrong form, that's deficient conduct at times. If you file a 651C certificate, which we kind of treat sacrosanct here in the appellate court, falsely, I would suggest that that has been deficient performance demonstrated. There was nothing in what was filed to suggest it should be construed as a post trial motion. The court just wasn't clear that it ever did so, or that it recognized the difference between the two. As I think Justice Steigman was showing, it doesn't look like anybody knew what was going on here. I wanted to clarify, I got a little tangled up myself on what I was trying to say about evidence that counsel conducted any type of investigation. My point, generally, when we're making this type of prejudice analysis, when claims aren't brought forth, and again, I keep talking about post-conviction petitions because this is where we see a lot of this, when somebody files a bunch of claims, counsel picks a few of them, we say, okay, we assume that counsel separated the wheat from the chaff. Here, there's no way to make that assumption. In fact, there is evidence to the contrary, evidence to suggest that counsel did not exercise that judgment. That's why I think any investigation, any evidence of counsel's investigation matters here because it strips our ability to defer to the fact that counsel chose not to include those. But you're talking about investigation in the abstract, investigation of what, what claims, what investigation, what would have been the result of the investigation? And I understand you're trying to invoke chronic, but if we're looking at Strickland, I got to know what you're saying that led to or, or prevented. There were, I mean, there were, there were many claims. I agree that, you know, we've certainly identified some of the weaker ones, but there were claims about, I mean, there were, there were a lot of times there were claims about the constitutionality of the statute as applied to him. There were constant, there were claims about the search and seizure. I, again, I don't, I don't share Christian's belief in the strength of that claim, but the problem is they were never properly developed and shaped into the proper form, as we would have expected somebody rendering reasonable assistance at the post-conviction level. What would the merits of those issues have been? We can't tell, and we, Justice, Your Honor, Your Honor, if I, if I may, we can't tell. We don't know. I will tell you that they are not evident on the record. I'll certainly stipulate to that, but we cannot hold that against it and make a prejudice finding against it for the same rationale that Suarez holds in post-conviction petitions. If they were never shaped into the proper legal form, we can't know how good those claims were, and so we have to presume prejudice under that, under that circumstance. And I appreciate Justice Doherty pointing us to that point of the record. The court did resume some form of, I would say, Frankensteinian crinkle hearing. I, so what that suggests to me is the issue was certainly not waived. The court, the court, I agree with Mr. Goldman, that the court seemed ready to appoint counsel earlier, and then later on decided it didn't want to do so. It knew a little more than it knew earlier on about the claims. It did hear a little bit more. I don't think it would, again, this is a quick review, and I appreciate that we draw my attention to it, but it didn't seem to be a very extensive hearing that, but again, I think it was a pretty short issue as to whether or not he rendered ineffective assistance of counsel. And the court's finding on that deserves no deference, because I think it's pretty clear that he was deficient, and I believe that chronic should apply. So, and if not, I believe that prejudice has been demonstrated. Thank you very much for your time. Okay. Thank you, Mr. Waller. Thank you both. The case will be taken under advisement, and a written decision shall be issued. The court stands on recess.